# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRIDER, | 1:03cv6057 AWI DLB |
| Plaintiff, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR FEES |
| v. | (Document 17) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

Petitioner Henry Reynolds ("Counsel"), attorney for Plaintiff William Crider, filed the instant petition for fees on July 26, 2006. Counsel requests fees in the amount of $5,300.00 pursuant to 42 U.S.C. § 406(b)(1).

Defendant filed a response to Counsel's request on September 29, 2006. Defendant explains that it does not enter into agreements regarding the payment of section 406(b) fee requests because the requests are made pursuant to contingency fee agreements to which the Defendant is not a party and the money at stake ultimately comes from Plaintiff's past-due benefits award. Nevertheless, Defendant presents its analysis of the fee request to the Court.

### BACKGROUND

Plaintiff filed his social security complaint on August 6, 2003. Pursuant to the parties' stipulation, the Court ordered the case remanded on March 5, 2004. On March 15, 2004, the

1  Court ordered payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA")
2  in the amount of $2,077.00.
3       After a remand hearing, the ALJ issued a favorable decision finding Plaintiff eligible for
4  benefits as of June 1999.  Plaintiff was awarded $67,284.75 in past-due benefits.  The
5  Commissioner notified Plaintiff and Counsel that she had withheld $22,428.25 of this amount for
6  payment of attorney's fees.  This amount represented 25 percent of the total past-due benefits
7  award.
8       By this motion, Counsel seeks $5,300.00 for 14.9 hours of work before this Court.  After
9  crediting $2,077.00 received previously pursuant to the EAJA, Counsel requests a net fee of
10 $3,223.00 from past-due award.

## DISCUSSION

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases."  Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  *Id.*  "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id.*

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved.  *Id.*  Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA.  28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

Here, Counsel and Plaintiff agreed upon a contingent fee of 25 percent of past due benefits. Exhibit 3, attached to Petition. Counsel's request of $5,300.00 does not exceed the statutory limit. 42 U.S.C.§ 406(b)(1)(A).

Counsel's fee request of $5,300.00 for 14.9 hours of work translates into an hourly rate of $355.70. Counsel concedes that the $2,077.00 received previously should be credited to Plaintiff, which amounts to a net award of $3,223.00. Using the net award, this translates to an hourly rate of $216.30 per hour. The Court finds this to be a reasonable rate in recognition of the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart*, 262 F.Supp.1033, 1037 (N.D. Cal. 2003). Therefore, the Court recommends an award in the amount of $3,223.00.

## RECOMMENDATION

Based on the foregoing, the Court finds that the Petition should be GRANTED and recommends an award in the net amount of $3,223.00.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 2, 2006               /s/ Dennis L. Beck
3b142a                           UNITED STATES MAGISTRATE JUDGE

3